# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

```
FILED
MAR - 2 2012
CLERK, US DISTRICT COURT
NORFOLK, VA
```

UNITED STATES OF AMERICA

v.

JERMAR BERNARD MARLON JONES

Defendant.

Case Number: 2:11cr83-001

USM Number: 78472-083

Defendant's Attorney: James Theuer

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty by a jury on Counts 1-11 of the Superseding Indictment after a plea of not guilty. Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 18, USC Section 371 | Conspiracy | Felony | September 7, 2011 | 1 |
| T. 8, USC Sections 1325(c) and 2 | Marriage Fraud | Felony | January 25, 2007 | 2 |
| T. 8, USC Sections 1325(c) and 2 | Marriage Fraud | Felony | May 11, 2007 | 3 |
| T. 8, USC Sections 1325(c) and 2 | Marriage Fraud | Felony | June 8, 2007 | 4 |
| T. 8, USC Sections 1325(c) and 2 | Marriage Fraud | Felony | March 31, 2008 | 5 |
| T. 18, USC Section 287 and 2 | False Claims | Felony | March 2007 | 6 |
| T. 18, USC Section 287 and 2 | False Claims | Felony | May 2007 | 7 |
| T. 18, USC Section 287 and 2 | False Claims | Felony | June 2007 | 8 |
| T. 18, USC Section 1512(b)(3) | Witness Tampering | Felony | April 2009 | 9 |
| T. 18, USC Section 1512(b)(3) | Witness Tampering | Felony | April 2009 | 10 |
| T. 18, USC Sections 1001(a)(2) | False Statements | Felony | June 1, 2009 | 11 |

As pronounced on February 29, 2012, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 2nd day of March, 2012.

/s/ _____

Mark S. Davis
United States District Judge

Case 2:11-cr-00083-MSD-LRL Document 135 Filed 03/02/12 Page 2 of 6 PageID# 1414 Page 2 of 6
AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Case Number: 2:11cr83-001
Defendant's Name: JONES, JERMAR BERNARD MARLON

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **FIFTY-TWO (52) MONTHS**. This term of imprisonment consists of a term of Fifty-Two (52) months on Count 1, Fifty-Two (52) months on Count 2, Fifty-Two (52) months on Count 3, Fifty-Two (52) months on Count 4, Fifty-Two (52) months on Count 5, Fifty-Two (52) months on Count 6, Fifty-Two (52) months on Count 7, Fifty-Two (52) months on Count 8, Fifty-Two (52) months on Count 9, Fifty-Two (52) months on Count 10, and Fifty-Two (52) months on Count 11, all to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons:
1) The defendant shall be incarcerated in a facility as close to the Brooklyn, NY area as possible, specifically Fort Dix, NJ.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case Number: 2:11cr83-001
Defendant's Name: JONES, JERMAR BERNARD MARLON

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS.** This term consists of a term of Three (3) years on each of the Counts 1-11, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. As reflected in the presentence report, the defendant presents a low risk of future substance abuse and therefore, the court hereby suspends the mandatory condition for substance abuse testing as defined in 18 USC Section 3563(a)(5). However, this does not preclude the U.S. Probation Office from administering drug tests as they deem appropriate.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| Case Number: | 2:11cr83-001 |
| Defendant's Name: | JONES, JERMAR BERNARD MARLON |

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall pay for the support of his child in the amount ordered by any social service agency or Court of competent jurisdiction. In the absence of such order, payments are to be made on a schedule to be determined by the Court at the inception of supervision, based on the defendant's financial circumstances.

2) The defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation; or in a lesser amount to be determined by the Court upon the recommendation of the probation officer.

3) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

4) The defendant shall provide the probation officer access to any requested financial information.

Case Number: 2:11cr83-001
Defendant's Name: JONES, JERMAR BERNARD MARLON

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $134,702.39 |
| 2 | $100.00 | $0.00 | $0.00 |
| 3 | $100.00 | $0.00 | $0.00 |
| 4 | $100.00 | $0.00 | $0.00 |
| 5 | $100.00 | $0.00 | $0.00 |
| 6 | $100.00 | $0.00 | $0.00 |
| 7 | $100.00 | $0.00 | $0.00 |
| 8 | $100.00 | $0.00 | $0.00 |
| 9 | $100.00 | $0.00 | $0.00 |
| 10 | $100.00 | $0.00 | $0.00 |
| 11 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$1,100.00** | **$0.00** | **$134,702.39** |

## FINES

No fines have been imposed in this case.

## RESTITUTION

The defendant shall make restitution to the following victims in the following amounts:

DFAS-CL (Code JBCBB), 1240 East 9th Street, Cleveland, Ohio 44199-2056, in the amount of $134,702.39, and should reference BAH repayment and Darius Stefan Alexander, xxx-xx-9981, Ruben Ortiz, xxx-xx-1313, and Chitara Denishia Bowers, xxx-xx-6758.

The defendant is jointly and severally liable for restitution with the following co-defendants: Darius Alexander, docket no. 2:11cr83-2, and Chitara Bowers, docket no. 2:09cr142-3.

As requested by the parties, a separate restitution order establishing details regarding repayment, will be entered by the Court and is incorporated herein by reference.

Case Number: 2:11cr83-001
Defendant's Name: JONES, JERMAR BERNARD MARLON

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment and restitution is due and payable immediately.

Any balance remaining unpaid on the special assessment at the inception of supervision, shall be paid by the defendant in installments of not less than $200 per month, until paid in full. Said payments shall commence 60 days after defendant's supervision begins.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.